WAILUKU SUGAR CO. *vs.* L. AHOLO, Tax Collector.

ASSUMPSIT.   BEFORE HARRIS, C.J.

FEBRUARY, 1880.

Taxes on growing crops of cane, planted on land of a sugar company by outside planters, to be ground on shares, held to be wrongly assessed to the company: the crops being the property of the planters.

DECISION OF HARRIS, C.J.

The petition sets forth that the tax-collector has received to the plaintiff's use $462.81, for so much money illegally taxed to the plaintiff.

The facts as developed by the testimony are, that the plaintiffs are in possession of a large tract of land, mills, etc., constituting the Wailuku Sugar Plantation.   That during the year 1877, they entered into contract with certain persons, namely: William O. Smith, W. H. Cummings, Edward H. Bailey, James C. Bailey and Edwin H. Rodgers, by which the Wailuku Sugar Company agreed with each of these individually to set apart for each of them a certain portion of their land, to be occupied by them for a certain time as yet unexpired, say five years; the land to be held by the lessees on condition that each one should plant the same in sugarcane and keep it cultivated during the time.   The company will furnish certain means of cultivation, such as water, oxen or mules and their harness, as well as seed cane, and also to pay all assessments, taxes or rent on the said land; and I pause here to say that I understand the word "taxes" in that connection to be taxes on the land as such, and not on growing crops.   The further condition of the agreement is to the effect that when the sugarcane thus cultivated has matured, it shall be delivered to these plaintiffs in the field, carted by them to their mill and manufactured into sugar, and the product to be divided between the parties to the agreement.   And the agreement further sets forth

that the property and ownership of the cane and crop, thus planted or to be planted, shall be in Smith or Cummings or Bailey, as the case may be.

In accordance with this agreement as understood by the plaintiffs, they returned for assessment all the acreage of their land and ten acres of growing cane, returning the growing crop at $50 an acre, in all $500, in addition to the value of the land itself, which is returned at $150 an acre. The assessor raised the growing crop to 625 acres, viz.: 230 acres of plant cane and 395 acres of ratoon, assessing the plantcane at $150 an acre, $34,500, and the ratoons at $100 an acre, $39,500; making the assessment for the growing crop to be on the basis of $63,130.00, which the Appeal Board reduced to $61,709.00, thus levying upon the company for all the crop growing under the care of Smith, Cummings, etc. And it is alleged and admitted, that the tax collected on the crop growing under the care of these persons aforesaid, was $462.81, which the plaintiff company paid to the collector under protest.

Mr. Bailey, the manager, in his testimony points out, in his return, the following item, viz.:

"Cash, bonds and evidences of debt $30,270.89," which the tax-assessor raised to $34,000.00, and says that this item includes and represents the amount of advances made by the company to these growers, or in other words, the amount of indebtedness of the growers to the company; so that, by the assessment, the company would be held to pay for the crops produced by these growers, and for the amount of money which they supplied them to produce it as well. And Mr. Bailey farther testifies—and that testimony is uncontradicted—that all the growers except Cummings returned their crops to the tax-assessor to be assessed and taxed to them. And for aught there was made to appear before the Court at the hearing, all the returns were made in sufficient time to enable the tax-assessor to collate and compare them, and assess them to the proper parties.

Under all this showing, I am of opinion that the growing

crop, which is the subject of this controversy, was, at the time of the assessment, not the property of the plaintiff company, but of the growers, and was wrongfully assessed to the company, and therefore give judgment for the plaintiff in the sum of $462.81.

*A. S. Hartwell,* for plaintiffs.
*Attorney-General Preston,* for defendant.
Honolulu, February 11th, 1880.